
FILED
2011 Jul-26  PM 02:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| ARENA P.  ECCLESTON, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **Case No.: 2:11-CV-2355-VEH** |
| | ) |
| CITIMORTGAGE, INC., | ) |
| | ) |
| **Defendant.** | ) |

---

## MEMORANDUM OPINION

### I.    INTRODUCTION AND PROCEDURAL HISTORY

This case arises out of a mortgage of Plaintiff's property located at 113 Maddox Way, Fairfield, Alabama, and was removed on June 30, 2011.  (Doc. 1 ¶ 2; Doc. 1 at 1).  Pending before the court is the Motion to Dismiss (Doc. 3) (the "Motion") filed by Defendant on June 30, 2011.  On June 30, 2011, the court entered its Uniform Initial Order with appendices attached.  (Doc. 6).

Appendix III of the Uniform Initial Order established a briefing schedule for the Motion. (Doc. 6 at 22-26).    Accordingly, Plaintiff's responsive submission was due no later than July 14, 2011.  On July 20, 2011, Defendant filed a reply (Doc. 7) pointing out that Plaintiff had failed to timely oppose the Motion under the court's Uniform Initial Order.  (Doc. 7 at ¶ 3).

Due to Plaintiff's failure to file any opposition to the Motion, the court entered a show cause order on July 20, 2011, which gave Plaintiff until July 25, 2011, to explain why the Motion should not be granted.  (Doc. 8 at 1).  This show cause deadline has now passed without any response or extension request filed by Plaintiff. For the reasons explained below, the Motion is due to be granted.

## II.    STANDARDS

### A.    Rule 12(b)(6)

A Rule 12(b)(6) motion attacks the legal sufficiency of the complaint.  *See* Fed. R. Civ. P. 12(b)(6).  The Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *see also* Fed. R. Civ. P. 8(a).

While a plaintiff must provide the grounds of his entitlement to relief, Rule 8 does not mandate the inclusion of "detailed factual allegations" within a complaint. *Twombly*, 550 U.S. at 545 (quoting *Conley*, 355 U.S. at 47).  However at the same time, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent

2

with the allegations in the complaint." *Twombly*, 550 U.S. at 563.

"[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 129 S. Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine <u>whether they plausibly give rise to an entitlement to relief</u>." *Id.* (emphasis added). "Under *Twombly*'s construction of Rule 8 . . . [a plaintiff's] complaint [must] 'nudge[] [any] claims' . . . 'across the line from conceivable to plausible.' *Ibid.*" *Iqbal*, 129 S. Ct. at 1950-51.

A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

## B.   Plaintiff's Failure to Oppose

Plaintiff's failure to file any opposition to Defendant's Motion is not without significant repercussions. As explained by Judge Steele in *Williams v. Quality Filters, Inc.*, No. 07-0015-WS-B, 2007 WL 4219201 (S.D. Ala. Nov. 27, 2007), and

relied upon by this court numerous times:

> Courts are not obligated to read a party's mind or to construct arguments that it has failed to raise and that are not reasonably presented in the court file. *See Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) ( "There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it . . . ."); *see also Higgins v. New Balance Athletic Shoe, Inc.*, 194 F.3d 252, 260 (1st Cir. 1999) (declaring that a "party who aspires to oppose a . . . motion must spell out his arguments squarely and distinctly, or else forever hold his peace," as district court may ignore arguments not adequately developed by nonmovant). Clearly, "the onus is upon the parties to formulate arguments." *Resolution Trust*, 43 F.3d at 599; *Bowden ex rel. Bowden v. Wal-Mart Stores, Inc.*, 124 F. Supp. 2d 1228, 1236 (M.D. Ala. 2000) ("It is not for the court to manufacture arguments on Plaintiff's behalf."). Accordingly, plaintiff's decision not to respond to the Motion is at her peril.

*Williams*, 2007 WL 4219201, at *1.

## III. ANALYSIS OF MOTION'S MERITS

Regardless of Plaintiff's procedural inactions, the merits of the Motion are well-taken as Plaintiff has failed to state a claim upon which relief can be granted under Alabama law due to the written mortgage (*see generally* Doc. 3-2 at 1-6) that exists between Plaintiff and Defendant, and Plaintiff's contention that the terms of the promissory note relating to this security instrument were subsequently orally modified by the parties.  (*See* Doc. 3-2 at 1 ("This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on

December 1, 2030[.]")).  More specifically, Alabama's statute of frauds prevents Plaintiff from submitting evidence of an oral agreement to prove her claims when such an amendment relates to an "agreement or commitment to lend money, delay or forebear repayment thereof or to modify the provisions of such an agreement or commitment except for consumer loans with a principal amount financed less than $25,000."[1]  Ala. Code § 8-9-2(7) (1975).

Furthermore, this anti-oral loan modification rule applies regardless even though all of Plaintiff's claims are tort- based rather than cast in a contractual manner. (Doc. 3 ¶¶ 3-4; *see Holman v. Childersburg Bancorp*, 852 So. 2d 691, 701 (Ala. 2002) ("In accord with the general rule, we hold that where, as here, an element of a tort claim turns on the existence of an alleged agreement that cannot, consistent with the Statute of Frauds, be proved to support a breach-of-contract claim, the Statute of Frauds also bars proof of that agreement to support the tort claim."); *Holman*, 852 So. 2d at 701 ("Were the rule otherwise, the Statute of Frauds could be effectively

---

[1]  As Defendant properly points out:

> Plaintiff's mortgage loan is far in excess of $25,000, as evidenced by her Mortgage, which is attached to CitiMortgage's Motion as Exhibit A.  Plaintiff's Mortgage may be attached hereto without converting this Motion to one for summary judgment because Plaintiff specifically referenced her mortgage loan in her Complaint.  [*See, e.g.*, Doc. 1, Ex. A, ¶ 3.] *See Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).

(Doc. 3-1 at 6 n.1; *see also generally* Doc. 3-2 at 1-6 (copy of Plaintiff's mortgage)).

avoided by the simple wording of the complaint."); *see also generally* Doc. 1-1 at 2-10 (Pl's. Compl.) (asserting five different tort claims relating to alleged oral modification of loan repayment terms)).

Against this legal backdrop, Plaintiff has offered no explanation why the statute of frauds does not bar her lawsuit.  Moreover, in light of Plaintiff's pattern of procedural omissions, this court is not obligated to independently identify a theory which might plausibly save her suit from such a dismissal.  Furthermore, having undergone such a substantive task, this court has failed to locate one.

## IV.   CONCLUSION

Therefore, the Motion is due to be granted, and Plaintiff's lawsuit is due to be dismissed with prejudice.  The court will enter a separate order consistent with this memorandum opinion.

**DONE** and **ORDERED** this the 26th day of July, 2011.


**VIRGINIA EMERSON HOPKINS**
United States District Judge